UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TAMI R. PALADINO,

                Plaintiff,

v.

ROCHESTER INSTITUTE OF TECHNOLOGY,

                Defendant.

COMPLAINT

Civ. No. _____

Plaintiff Tami R. Paladino, by her attorneys, Underberg & Kessler LLP, Paul F. Keneally, Esq., alleges in the Complaint as follows:

**JURY DEMAND**

1. Plaintiff demands a trial by jury of all issues in this action.

**PRELIMINARY STATEMENT**

2. Plaintiff seeks to recover damages against Defendant Rochester Institute of Technology ("RIT") for unlawful discrimination, hostile work environment, sexual harassment, and retaliation based upon Plaintiff's sex and sexual orientation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., (hereinafter "Title VII") and the New York State Human Rights Law § 290 et seq. of the Executive Law of the State of New York (hereinafter "NYHRL") and discrimination based on familial status under the NYHRL.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over the Plaintiff's claims in this action pursuant to the United States Constitution, 42 U.S.C. §1983, 42 U.S.C. § 2000e-5(f)(3)

(Title VII), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

4. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to adjudicate Plaintiff's claims under state statutory law.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).

## THE PARTIES

6. Plaintiff is a lesbian female who resides in Monroe County, New York.

7. At all times relevant to the Complaint, Plaintiff was an employee of RIT as defined by Title VII and § 292(5) of the NYHRL.

8. Upon information and belief, RIT was, and is, a private university in the State of New York, with its principal place of business located at 1 Lomb Memorial Dr, Rochester, NY 14623.

9. RIT is an employer engaged in an industry affecting commerce and has 15 or more employees for each working day in 20 or more calendar weeks in the current or preceding calendar year.

10. Plaintiff has exhausted her administrative remedies.

11. Plaintiff filed a complaint with the New York State Division of Human Rights ("DHR") on May 7, 2019, and the complaint was dual-filed with the Equal Employment Opportunity Commission, a copy of which is attached as "Exhibit A".

12. On November 1, 2019, Plaintiff received a Probable Cause determination, a copy of which is attached as "Exhibit B".

13. Plaintiff requested, and was granted, a dismissal for administrative

convenience to pursue her claims in federal court, a copy of which is attached as "Exhibit C".

14. On November 2, 2021, Plaintiff received a right to sue letter from the EEOC and this complaint has been timely filed herein.

## FACTUAL BACKGROUND

15. Plaintiff began working for RIT on or about January 12, 2015, as a Dining Services Supervisor in the Dining Services Department.

16. Plaintiff informed RIT's Assistant General Manager for Gracie & Beanz, Jeffrey Glanton ("Mr. Glanton"), that she was a lesbian after she was hired.

17. At all times relevant to this Complaint, Plaintiff was an exemplary employee.

18. During her employment, Plaintiff focused on understanding and meeting the expectations for leadership within RIT through various actions, including requesting and completing an action plan for progressing at work and attending internal development classes.

19. In and around February 2018, Plaintiff applied for a promotion to a position of Assistant Manager of Student Alumni Union Dining Operations.

20. Plaintiff's qualifications included more than 30 years in the food service industry, as well as her current employment with RIT, where she was responsible for all aspects of the job in two locations from open to close.

21. The Senior Director of Operations for RIT, Don LaFlaum ("Mr. LaFlaum"), is related to Mr. Glanton and was aware of Plaintiff's sexual orientation.

3

Case 6:22-cv-06028-FPG-MWP Document 1 Filed 01/19/22 Page 4 of 10

22. Plaintiff was denied the promotion because, according to Mr. LaFlaum, the campus center was too "political" and he was "afraid" to place her there.

23. These statements were clearly aimed at Plaintiff's sexual orientation.

24. Plaintiff learned that Mr. Glanton and the Chef de Cuisine, Daniel Morales ("Mr. Morales"), repeatedly commented about how her sexual orientation and familial status would affect her promotions. These comments included remarks that Plaintiff "would not go far" because of her lifestyle; specifically, because she did not have children and is a bartender at a gay bar.

25. In August of 2018, Plaintiff applied for a promotion to Assistant Manager of Crossroads. However, despite Plaintiff's qualifications, she did not receive the position and, indeed, was not even offered an interview for the position.

26. Upon information and belief, management's opinions of her sexual orientation and familial status resulted in Plaintiff's rejection for the promotions.

27. Upon information and belief, heterosexual males were chosen for the positions instead of Plaintiff.

28. Plaintiff was also sexually harassed during her employment with RIT. Plaintiff she was subjected to unwanted touching and unwelcome physical contact by her coworkers, including her supervisors.

29. Geoffrey Fasy, the General Manager for Gracie and Beanz at RIT ("Mr. Fasy"), and Mr. Morales hugged Plaintiff approximately two to five times a week from 2017 until soon before Plaintiff's resignation on or about August 16, 2019.

30. Plaintiff was afraid to lose her job or suffer retaliation if she complained

4

about the frequent, unwanted physical contact.

31. Mr. Glanton and Mr. Morales openly admitted to hugging Plaintiff "all the time."

32. Mr. Glanton also admitted that he fostered a work environment where he and other employees slapped or pinched the buttocks of "consenting" coworkers in the kitchen.

33. On March 28, 2019, Mr. Morales grabbed Plaintiff by the elbows and buried his face in her neck. Plaintiff could not free herself until Mr. Morales let go.

34. A few days later, Mr. Morales rubbed her arms three to four times when he got off the elevator.

35. Later that same day, Mr. Morales approached Plaintiff at her desk and "bear hugged" her without her consent. Plaintiff kept her arms stiff by her side during the encounter. Again, Plaintiff could not free herself until Mr. Morales let go.

36. Video evidence reveals Mr. Morales bumping into and hugging Plaintiff.

37. Plaintiff told Mr. Morales that the physical contact disturbed her and made her feel uncomfortable.

38. Mr. Morales invited Mr. Glanton over to discuss Plaintiff's discomfort.

39. Despite being obligated to report the incident, Mr. Glanton failed to report the incident to the Title IX office and did not discipline Mr. Morales.

40. Plaintiff reported the unwanted physical contact and harassment to the Title IX office on or around April 4, 2019.

41. Within the next week of her report of the incidents, Mr. Glanton and his

supervisor called Plaintiff into three separate meetings about alleged issues with her work performance.

42. The meetings were about actions that were standard course of conduct for her job. Plaintiff had never been penalized for doing the same actions prior to her complaint to Mr. Glanton or Human Resources.

43. On or around April 11, 2019, Mr. Morales again touched Plaintiff without her permission by placing his arms against hers and leaning into her body.

44. Shortly thereafter, Mr. Morales put his body low to the ground and barreled towards Plaintiff in a tackle position while shouting "RAH," which cause Plaintiff to scream in fear.

45. Mr. Morales admits that he pretended to tackle and shouted "rah" at Plaintiff.

46. Plaintiff reported the incident to Mr. Glanton and informed him that the incident made her uncomfortable.

47. Plaintiff resigned her employment on or about August 16, 2019, as a result of the discrimination and retaliation.

48. Only after Plaintiff's resignation did Human Resources produce the results of a Title IX investigation.

49. The investigation admitted that Plaintiff was hugged and touched by her coworkers, including her supervisors, but indicated there was no violation of RIT's policies.

50. Plaintiff was forced to resign from her job based on the discrimination and

retaliation due to her gender and sexual orientation.

51. Plaintiff was denied a promotion and unable to move forward in her position because of RIT's discrimination against her sexual orientation.

52. As a result, Plaintiff lost educational opportunities and other benefits.

53. As a result of the sexual harassment and retaliation, Plaintiff suffers severe anxiety in her personal and professional life.

### AS AND FOR PLAINTIFF'S FIRST CLAIM AGAINST RIT FOR RELIEF UNDER TITLE VII FOR UNLAWFUL DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND SEXUAL HARRASMENT

54. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

55. By and through its course of conduct as alleged above, RIT and its agents willfully violated Title VII, 42 U.S.C. § 2000e et seq., by subjecting Plaintiff to a hostile work environment, discriminating against Plaintiff, and denying her equal terms and conditions of employment, sexually harassing Plaintiff, and materially altering the terms and conditions of her employment because of her gender and sexual orientation.

56. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages, including compensatory damage, punitive damages, mental anguish damages, back pay, front pay, and all benefits along with pre and post judgment interest, costs and attorneys' fees in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S SECOND CLAIM AGAINST RIT FOR RELIEF UNDER TITLE VII FOR UNLAWFUL RETALIATION

57. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

58. By and through its course of conduct as alleged above RIT and its agents

willfully violated Title VII, 42 U.S.C. § 2000e et seq., by retaliating against Plaintiff based on her complaint of discrimination and sexual harassment.

59. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages, including compensatory damage, punitive damages, mental anguish damages, back pay, front pay, and all benefits along with pre and post judgment interest, costs and attorneys' fees in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF UNDER THE NEW YORK STATE HUMAN RIGHTS LAW AGAINST RIT FOR UNLAWFUL DISCRIMINATION, HOSTILE WORK ENVIROMENT, AND SEXUAL HARRASMENT

60. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

61. By and through its course of conduct as alleged above, RIT, willfully, deliberately, and intentionally violated the NYHRL by subjecting the Plaintiff to a hostile work environment, discriminating against the Plaintiff, harassing the Plaintiff, and materially altering the terms and conditions of her employment because of her gender, sex, sexual orientation, and familial status.

62. Among other things, Plaintiff was denied promotions because she is a lesbian without children, was subject to unwanted physical contact and insulting comments, and her supervisor failed to report the inappropriate conduct.

63. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages, including compensatory damage, punitive damages, mental anguish damages, back pay, front pay, and all benefits along with pre and post judgment interest, costs and attorneys' fees in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF UNDER THE NEW YORK STATE HUMAN RIGHTS LAW AGAINST RIT FOR RETALIATION

64. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

65. By and through its course of conduct as alleged above, RIT willfully violated the Human Rights Law by harassing and treating the Plaintiff differently in retaliation for her complaints of harassment and for refusing to respond favorably to Discriminatory Conduct.

66. Notably, Plaintiff complained to her supervisors about the harassment and was immediately subjected to three disciplinary meetings.

67. Additionally, a coworker charged at her in a threatening manner after the complaint and was not disciplined for his actions.

68. RIT also did not investigate the complaint in a timely manner.

69. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages, including compensatory damage, punitive damages, mental anguish damages, back pay, front pay, and all benefits along with pre and post judgment interest, costs and attorneys' fees in amounts to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that this Court:

(a) Accepts jurisdiction over this matter,

(b) Impanels and charges a jury with respect to the claims for relief; and

(c) Awards the following damages against Defendants:

      i.      Back pay, front pay, and all benefits along with pre and post judgment interest, in amounts to be determined at trial;

      ii.      Punitive and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, and emotional distress in order to compensate her for the injuries she has suffered and to signal to other employers that discrimination in employment is repulsive to legislative enactments, in amounts to be determined at trial;

      iii.      Attorneys' fees, costs, and expenses as provided for by the applicable statutes; and

      iii.      Any other relief which this Court deems just and proper.

Dated:     January 19, 2022
               Rochester, New York

                                         UNDERBERG & KESSLER LLP

                                         By: *Paul F. Keneally*
                                                Paul F. Keneally, Esq.
                                                Attorneys for Plaintiff
                                                300 Bausch & Lomb Place
                                                Rochester, New York 14604
                                                Telephone: (585) 258-2800
                                                pkeneally@underbergkessler.com

\