UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TAMI R. PALADINO,

                                                                      Plaintiff,

                                                                                        Case # 22-CV-6028-FPG

v.

                                                                                        DECISION AND ORDER

ROCHESTER INSTITUTE OF TECHNOLOGY,

                                                                      Defendant.
_____

## INTRODUCTION

Plaintiff Tami R. Paladino brings this employment discrimination action against her former employer, Defendant Rochester Institute of Technology ("RIT"). She alleges that RIT retaliated against her and engaged in sex- and sexual-orientation discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"). ECF No. 6. Now before the Court is RIT's partial motion to dismiss Plaintiff's amended complaint. ECF No. 7. Plaintiff opposes the motion. ECF No. 10. For the following reasons, RIT's motion is GRANTED.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time,

the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007). "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a motion to dismiss . . . if the defense appears on the face of the complaint." *Brightman v. Physician Affiliate Grp. of N.Y., P.C.*, No. 20-CV-4290, 2021 WL 1999466, at *5 (S.D.N.Y. May 19, 2021) (internal quotation marks and citation omitted).

## DISCUSSION

Plaintiff is a "lesbian female," ECF No. 6 ¶ 6, and she alleges that she was subjected to sexual-orientation discrimination throughout her employment at RIT. As is relevant here, she claims that in February 2018, she was denied a promotion due to her sexual orientation. *See id.* ¶¶ 19-24. More than one year later, in May 2019, Plaintiff filed an administrative complaint with the New York State Division of Human Rights ("NYSDHR") related to the denial of that promotion, as well as other instances of alleged discrimination, retaliation, and hostile work environment. *Id.* ¶ 11; ECF No. 6-1. After administrative proceedings ended, Plaintiff brought this action in January 2022. ECF No. 1. She raises claims for sex/sexual-orientation discrimination, retaliation, and hostile work environment under both Title VII and the NYSHRL. *See* ECF No. 6 at 7-9.

In its partial motion to dismiss, RIT argues that any discrete Title VII or NYSHRL discrimination claim premised on the February 2018 failure to promote is time-barred. *See* ECF No. 7-3 at 4. As discussed below, the Court agrees.

### I. Title VII Claim

To bring a lawsuit under Title VII, a plaintiff must first file a charge of discrimination with the EEOC or other state administrative agency. *Goins v. Finger Lakes Serv. Grp., Inc.*, No. 13-
2

CV-6551-FPG, 2014 WL 204207, at *1 (W.D.N.Y. Jan. 17, 2014); *see also* 42 U.S.C. § 2000e-5(e)(1), (f)(1).  A plaintiff must file her charge of discrimination with the EEOC within 300 days after the date of the alleged discriminatory action.  *Goins*, 2014 WL 204207, at *1.  Therefore, "[a] Title VII claim will be dismissed as untimely if the plaintiff has not filed a complaint with the . . . appropriate state or local agency within 300 days of the occurrence of the alleged employment practice."  *Brightman*, 2021 WL 1999466, at *4.

In this case, it is undisputed that Plaintiff did not file a charge of discrimination with the NYSDHR until more than one year after she was denied her promotion in February 2018.  *See* ECF No. 6 ¶¶ 11, 19, 22.  Therefore, her Title VII claim premised on that act of discrimination is untimely.

To avoid this result, Plaintiff invokes the continuing violation doctrine, arguing that RIT's failure to promote her in February 2018 was part of a "steady barrage of discriminatory and harassing conduct" that persisted to within 300 days of her administrative complaint.[1]  ECF No. 10 at 11-12.  The continuing violation doctrine does not apply under these circumstances.  The Second Circuit has held unequivocally that "a plaintiff may recover for a failure to promote—regardless [of] whether it was caused by an ongoing discriminatory policy—*only if* [she] files an EEOC charge within . . . 300 days of that decision."  *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d

---

[1] In passing, Plaintiff cites the doctrine of equitable tolling, stating that she was "subjected to continuous humiliation, unwanted physical contact, and a threatening atmosphere" after she was denied the February 2018 promotion.  ECF No. 10 at 12.  She also notes that the administrative proceedings were protracted by the COVID-19 pandemic.  *Id.* at 13.  Plaintiff does not meaningfully develop these observations into substantiated legal argument supported by relevant authority, however.  *See id.* at 12-13.  She neither explains how the pandemic or the continuing hostile work environment at RIT "prevented [her] in some extraordinary way from exercising [her] rights," nor describes how she "acted with reasonable diligence during the time period she seeks to have tolled."  *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003).  It is not incumbent upon the Court to develop these arguments on Plaintiff's behalf, and it declines to do so here.  *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

135, 157 (2d Cir. 2012) (emphasis added); *see also id.* ("[E]very failure to promote is a discrete act that potentially gives rise to a freestanding Title VII claim with its own filing deadline."). In other words, "the continuing violation[] doctrine does not permit a plaintiff to bring untimely claims for freestanding discrete acts of discrimination or retaliatory actions, such as a failure to promote or termination, even if they are related to acts alleged in timely filed charges." *Thomson v. Odyssey House*, No. 14-CV-3857, 2015 WL 5561209, at *9 (E.D.N.Y. Sept. 21, 2015); *see also Chin*, 685 F.3d at 157 ("Discrete acts . . . which fall outside the limitations period[] cannot be brought within it, even when undertaken pursuant to a general policy that results in other discrete acts occurring within the limitations period.").

Accordingly, Plaintiff may not maintain a discrete Title VII discrimination claim based on the February 2018 failure to promote.[2]

## II. NYSHRL Claim

RIT next argues that any discrete NYSHRL claim based on the February 2018 failure to promote is time-barred under the relevant statute of limitations.

Unlike Title VII, the NYSHRL does not have an administrative exhaustion requirement. *See Ross-Caleb v. City of Rochester*, 512 F. App'x 17, 17-18 (2d Cir. 2013) (summary order). Instead, "[c]laims under the NYSHRL . . . must be filed within three years from the alleged act of discrimination." *Strassberg v. Hilton Hotels Corp.*, 216 F.3d 1073 (2d Cir. 2000) (table op.). In this case, it is undisputed that Plaintiff filed the present action (January 2022) more than three years after she was denied her promotion (February 2018). *See* ECF No. 1; ECF No. 6 ¶ 19. Therefore, her NYSHRL claim is untimely.

---

[2] The Court's ruling should not be understood to address whether or how the February 2018 failure to promote is relevant to any of Plaintiff's other claims, including her hostile work environment claims. *See generally Sooroojballie v. Port Auth. of N.Y. & N.J.*, 816 F. App'x 536, 542 & n.5 (2d Cir. 2020) (summary order).

Plaintiff counters that her NYSHRL claim should be considered tolled during the period when her administrative complaint was before the NYSDHR.[3]  *See* ECF No. 10 at 13.  While it is true that the limitations period is ordinarily "subject to tolling during the pendency of a plaintiff's complaint with the NYSDHR," *Nunez v. N.Y.S. Dep't of Corrs. & Cmty. Supervision*, No. 14-CV-6647, 2015 WL 4605684, at *7 (S.D.N.Y. July 31, 2015), Plaintiff may not receive the benefit of such tolling.  This is because she requested, and the NYSDHR granted, the dismissal of her administrative complaint so that she could "pursue her claims in federal court."  ECF No. 6 ¶ 13; ECF No. 13-1 at 6-7.

A person seeking to bring a NYSHRL claim may elect to proceed before the NYSDHR or file an action in court.  With few exceptions, if the person chooses the former, she may not thereafter bring the claim "again as a plenary action in another court."  *York v. Ass'n of Bar of City of New York*, 286 F.3d 122, 127 (2d Cir. 2002).  Plaintiff's request to dismiss her administrative complaint is one such exception.  By requesting that relief, Plaintiff was able to avoid the election-of-remedies bar.  *See* N.Y. Exec. Law § 297(9) (stating that if the NYSDHR dismisses the administrative complaint "on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled," a complainant "shall maintain all rights to bring suit as if no complaint had been filed with the division").

However, Plaintiff's request had another consequence.  Under New York law, where the NYSDHR dismisses the administrative complaint at the complainant's request and annuls the complainant's "election of remedies so that the [NYSHRL] claim may be pursued in court," the complainant's "rights to bring such cause of action before a court of appropriate jurisdiction shall be limited by the statute of limitations in effect in such court at the time the complaint was initially

---

[3] As with the Title VII claim, Plaintiff also invokes equitable tolling but fails to develop that argument sufficiently to justify consideration.  *See* ECF No. 10 at 12-13; note 1, *supra*.

filed with the division." *Id.* In other words, having obtained dismissal of her administrative complaint, Plaintiff is "precluded from the benefit of any tolling." *Bishop v. Henry Modell & Co.*, No. 08-CV-7541, 2009 WL 3762119, at *8 & n.8 (S.D.N.Y. Nov. 10, 2009) (collecting cases); *see also Henderson v. Town of Van Buren*, 789 N.Y.S.2d 355, 356 (4th Dep't 2005); *Farrugia v. North Shore Univ. Hosp.*, 820 N.Y.S.2d 718, 723 (Sup. Ct. 2006) ("While a complainant may annul his election to the administrative process at the NYSDHR prior to a hearing and then proceed to court, if such annulment is made, any judicial proceedings are subject to New York's general three-year statute of limitations, measured from the occurrence of the discrimination, with no tolling for the period in which the claim was pending in the administrative process." (internal citations omitted)). Therefore, Plaintiff's discrete NYSHRL discrimination claim premised on the February 2018 failure to promote must be dismissed.

## CONCLUSION

For the reasons discussed above, RIT's partial motion to dismiss (ECF No. 7) is GRANTED. Plaintiff's discrete Title VII and NYSHRL sex/sexual-orientation discrimination claims premised on RIT's alleged failure to promote her in February 2018 are dismissed. RIT shall file an answer within 30 days of entry of this Order. *See* Fed. R. Civ. P. 12(a)(4).

IT IS SO ORDERED.

Dated: October 4, 2022
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York